In The UNITED STATES COURT of the ___Southern___ DISTRICT of ___New York___

THE UNITED STATES OF AMERICA - Plaintiff;

v.

___Gibran Lopez___ - Defendant, Pro Se;    Criminal No. ___16cr323-02___

**MEMO ENDORSED**

MOTION for DISCLOSURE of: GRAND JURY TRANSCRIPTS, BALLOT, or RECORD for INSPECTION; INDICTMENT; and CRIMINAL COMPLAINT

1. NOW COMES movant ___Gibran Lopez___, acting in proper person, to respectfully request this Court to issue an "Order of Disclosure" for several essential documents pertaining to his criminal prosecution. The documents requested for disclosure are: grand jury hearing transcripts, ballot, or record for inspection; indictment pertaining to the criminal charge; and criminal complaint.

In support of the foregoing, the movant states the following facts:

I. REASONS (INJUSTICE ARGUMENT)

a) Capital or infamous crimes may not be charged against any person without presentment of an indictment by a grand jury of his peers;

b) Grand jury transcripts, ballots, and records must be available for inspection so as to determine the validity of those proceedings;

c) An affidavit of criminal complaint is required to establish probable cause of any potential criminal conduct;

d) Without an indictment, no jurisdiction is established;

e) If jurisdiction is not established, no person may be detained;

f) If the Rules of criminal procedure are significantly violated, a person's due process rights are violated;

g) Due process includes "life, liberty, and the pursuit of happiness" or "property" which are stripped by incarceration;

h) Movant was convicted of "___Count 1: Interference with Commerce by threat or violence (Hobbs Act Robbery Conspiracy)___" 18 United States Code, section ___1951___, subsection (___E___); ___Count 2: Interference with Commerce by threat or violence (Hobbs Act Robbery)___

i) Without disclosure of the requested documents, movant cannot ascertain whether or not his due process rights were upheld;

j) Their absence on the court's docket indicates injustice;

k) The hearings pursuant to some or all of these documents and their inclusion on the record were not docketed by the court, and;

l) Movant is financially incapable of procuring these documents without the court's assistance.

II. REQUEST for RELIEF

Movant requests the following documents for disclosure:

a) Grand Jury Transcripts, grand jury Ballot, or grand jury record for inspection;

b) Letter of Certificate of Concurrence;

c) All Indictments, duly endorsed by its foreperson and the United States Attorney, or colloquy of waiver of indictment in open court;

d) Affidavit Criminal Complaint;

e) Certified copy of the plea deal;

f) Affidavit of Probable Cause Hearing, and;

g) Arrest Warrant or summons upon complaint.

III . GROUNDS

2. A potential injustice is suspected and is argued. Movant believes that his prosecution may have been in violation of the constitution's Fourth Amendment. If the required documents for a valid arrest were not present, Federal Statutory rights were violated. The argument arises from the fact that some are currently not docketed in the court's record. A sound Affidavit of Criminal Complaint seems to be non-existent, according to the court's docket. Such an absence of Complaint would mean that essential facts constituting the jurisdiction to determine the charges are also absent. Under Federal Rules of Criminal Procedure Three (3) and Four (4), the purpose of such a Complaint is to enable the appropriate magistrate to determine whether the required probable cause to support a warrant exists. [Giordenello v. United States, 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245]

3. The absence of those documents means that the government, in its prosecution, failed to comply with the rules prescribed under the authority of Congress. In the acts of June 29th, 1940 ch. 445, 18 USC (former) statute 687 and statute 3771, Congress detailed the proceedings in a criminal case prior to and including the verdict. By failing to comply, the Fifth Amendment of the Constitution and the laws of the United States are violated. Implicitly jurisdictional, the constitution states, "No person shall be held to answer for a capital or otherwise infamous crime unless on presentment of Indictment by a Grand Jury..." Therefore, movant had a right to a grand jury indictment. Yet, the record of the court docket contains no account of such a hearing. Therefore, without disclosure of the records, it is impossible to determine whether movant was ever actually indicted. In [Ex parte Bain 121 U.S. 1, 7 S. Ct. 781, 30 L. Ed. 849, (1887)], the Supreme Court held that District Courts have no jurisdiction to charge a person if material complications abound vis-a-vis the grand jury's impaneling or competency on finding the indictment. A trial on such an indictment is void.

4. It is conceivable that the Court lacked authority to performed the functions authorized by law in its criminal proceedings, as delineated in Rule Six (6) of Federal Criminal Procedure. That would mean that movant was deprived of his Constitutional and Statutory rights as of _December 19th 2014_. He is an American citizen. Disclosure is required as it is not possible to determined whether the arrest conformed to Rule (9) of Federal Criminal Procedure, Arrest Warrant or Summons or Indictment or Information. As the defense continuously encouraged _Mr. Lopez_ to file waivers for many of his rights, it is seems likely that a campaign to deprive him of his rights may have been in play.

5. The absence of an indictment is a jurisdictional defect which deprives the court of acting power. Such jurisdiction cannot be waived by a defendant, even by a guilty plea [Smith v. United States, supra 360 US at 10.3]. The Supreme Court has concluded that such proceedings are nullities, as the absence of an indictment necessitates that the court was without initial jurisdiction to hear the case [Fed. R. Crim. P. 7(a)]. If no indictment can be produced, the essential elements of Fed.F.Cr.P 6(a) are not affirmatively demonstrated.

6. A lawfully impaneled jury of twelve must concur with the indictment, as in subsection 6(c), for it to reach the status of "true bill." The purpose of an independent grand jury is not only to investigate possible criminal conduct but also to act as a "protector of citizens from arbitrary and oppressive governmental action." The grand jury's explicit purpose is to "stand between the prosecutor and the accused," determining the legitimacy of charges or whether it "is dictated by malice or personal ill." Cf. Hale v. Henkell 201 U.S. 42 (1906). Former Supreme Court Justice A. Scalia expounds, in United States v. Williams, 504 U.S. 36 (1992), that the grand jury is the equivalent of a fourth branch of government not to be tampered with by any other branch.

7. Movant was never accorded the right to inspect the grand jury ballot or record, which indicates the exact number of jurors in concurrence with finding the indictment. It is unknown if such a record was properly maintained. The docket sheet for the court does not indicate that the grand jury ever convened, in fact, and no entry for it is evident. The defendant postulates that no proper grand jury quorum ever convened to properly indict him. In [Midland Asphalt Corp v. United States, 489 US 749, 103 L.

Ed. 2d 879 109 S. Ct. 1491 (1989)] the Supreme Court ruled that the lack of a grand-jury based indictment gives rise to a right not to be prosecuted, as per the grand-jury clause of the fifth amendment. The rationale of [Dennis v. United States, 384 US 855 86 S. Ct. 1840, 16 L. Ed. 2d 973 (1966)] the defendant must be accorded his right to inspect the records, or, if such a record was not properly maintained as required by the law, to have access to some other method which may be substituted as proof that the provisions of [Fed. R. Crim. P. 6(f)] were substantially met.

8. The Constitution provides that, "no person shall be deprived of life or liberty without due process of law." Movant prepares to file a civil action regarding his incarceration but will be unable to do so without the requested documents. Absolute immunity defenses are intended to be circumvented by the actual conduct of the judicial officers acting in violation of Federal Statutes, as in [Stump v. Sparkman 435 U.S. 349, 356-357, 55 L. Ed. 331, 98 S. Ct 1099 (1978)]. Injustice may abound without the disclosures. Pursuant to Rule 6(e) of Criminal Procedure, the Court must authorize disclosure at a time, in a manner, subject to any other conditions that directs a grand jury preliminary hearing, or another in conjunction with a judicial proceeding, if requested by a movant who demonstrates that a ground may exist to dismiss the indictment due to a matter occurring, or not occurring, before the grand jury.

9. Federal prisoners may obtain transcripts and other documents pursuant to the [Court Reporter Act, 28 U.S.C section 753(f)]. The claims raised in this motion meet the clear standard for not being frivolous and require the documents to be decided. Furthermore, the Freedom of Information Act, 5 U.S.C. section 552, requires the government to disclose all pertinent documents that are not national-security classified. The movant is financially incapable of procuring these documents and is in need of them in order to establish the level of injustice perpetrated.

10. The Judicial Committee on Court Administration and Case Management issued its' [Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files] in March of 2004. That guidance explains the limitations on disclosure of certain sensitive documentation electronically. However, those limitations do not include the fundamental documents which indicate the occurrence of proper due-process proceedings. The government has abused the authority of the Judicial Conference to redact or otherwise withhold essential information. The defendant is not engaging in a "fishing expedition." This has become a routine constitutional violation, as indicated by the attached exhibit of cases.

IV. CONCLUSION of LAW

11. In light of such evidence, it is evident that secrecy is not absolute. As clearly demonstrated by the defendant, under [Federal Rule of Criminal Procedure 6(e)], there is good reason to believe that a due-process error has occurred in this case due to the reticence of these essential documents' disclosure. In [Re Grand Jury 95-1, 118 F. 3d at 1437] the Supreme Court held that a defendant must make a "strong showing of particularized need" before grand jury transcripts are disclosed. The prerequisites for disclosure of actual grand-jury transcripts are demanding. However, the materials requested in this motion do not have much of a barrier for furnishing. Every person accused of a crime should be given these documents. These materials are needed to avoid another possible injustice in upcoming civil proceedings and the need for disclosure is greater than any possible argued need for continued secrecy [Douglas Oil Co. of California v. Petrol Stops Northwest 441 US 211 60 L. Ed. 2d. 156 (1979)]. The request has been structured to encompass only the material needed.

Signed on __1__ / __1__ /20__20__,

x_____, Pro Se
Name: Gibran Lopez
Inmate ID # 71797-054
(FCI) or USP (Circled) Allenwood Medium
PO Box 2000
White Deer, PA 17887

#justiceforall

IV. CERTIFICATE of SERVICE

I, Gibran Lopez, hereby certify that the forgoing is a truly served copy. It must be deemed filed at the time delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L. Ed. 2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(ies) of record; by placing the same in a sealed, postage paid, envelope addressed to the Assistant United States Attorney's following address;

U.S. Attorneys Office
Christopher Dimase
1 Saint Andrews Plaza
New York, N.Y. 10007

Then deposited in the United States Postal Mail at the facility written above.

EXHIBIT - REFERENCE CASES

The court dockets and subsequent materials to the following cases are presented to demonstrate how endemic these due-process failures are to the current criminal system. They span various districts across the nation. Each case, however, is unique and presents its' own serious issues that fundamentally return to subject-matter jurisdiction over-reach due to "short-cuts" taken by prosecutors. Those "short-cuts" circumvent constitutional law.

a) _____
_____ District of _____
\_\_:\_\_-CR-_____-\_\_\_-

This is an example of criminal procedure done correctly. The court's docket mentions all of the required hearings and all documents are signed. When requested by the defendant in this case, he was quickly furnished with a copy of all requested materials. (No totally correctly processed case has been located as of this time.)

b) Najeem Moore
Eastern District of Wisconsin
2:13-CR-00084-LA-1

Moore was indicted then prosecuted later on a second, superseding, indictment. The court then accepted a waiver of indictment, suggesting that the initial indictment used to incarcerate the defendant was known to be invalid.

c) Dennis Goggel
Southern District of New York
1:13-CR-00521-L75

An international citizen arrested in Kenya, Africa, without a criminal complaint, indictment, or even information. He was extradited to the United States and sentenced under its' penal code without being afforded any of its' rights.

d) Roy Hale
Southern District of New York
1:92-CR-00091-RJD

Hale was prosecuted on a superseding indictment missing signatures by both the United States Attorney and the grand jury foreman. Despite prodding the court, it has been unable to demonstrate that any grand jury hearing ever occurred or that an United States Attorney validated the indictment. The government refuses to disclose the documents and continues to file frivolous, illegal, dismissals.

e) Ali Shukri Amin
Eastern District of Virginia
1:15-CR-00164-CMH-1

Arrested on a "search and seizure" without a criminal complaint, indictment, or information; as a legal juvenile. He was held for over one-hundred days under torturous conditions. The prosecution then presented information to the courts, without his consensual waiver of indictment, only after a guilty plea. The government refuses to issue a warrant of arrest or any of these other documents.

f) Munir Abdulkader
Southern District of Ohio

A victim of entrapment, held in custody for over thirty-four months before being arraigned on any criminal complaint. He was arrested without an arrest warrant, which was filed and returned served the next day. His counsel filed ten waivers in collusion with the prosecution. Kept in solitary confinement under communication restrictions for almost the entire period during which the major decisions regarding his criminal case were made, without his consent. The government refuses to acknowledge his

requests for documentation.

g) Daniel Boyd
North Carolina
5:09-CR-00216-FL

Arrested on an indictment and put into solitary confinement for over two years. He was prosecuted and convicted on a second, superseding indictment, which was never presented to a grand jury. The signature is redacted on the only indictment received by the courts, which was dropped and has no significance. The government refuses to disclose the pertinent documents.

h) James O. Johnson
District of Maryland
8:09-CR-00085-DKC

Arrested without a criminal complaint, which was filed after his arrest. Held in custody on false-pretense indictments filed as information, then the court filed a waiver of indictment much later.

The Government is hereby ORDERED to respond to Defendant Lopez's motion on or before February 14, 2020.

Dated:   January 14, 2020
         New York, New York

SO ORDERED.

*Katherine Polk Failla* (signature)

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Gibran Lopez
Inmate ID: 71793-054
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887