UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIBRON LOPEZ,

                Movant,

-v.-

UNITED STATES,

                Respondent.

21 Civ. 1858 (KPF)
16 Cr. 323-2 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Mr. Lopez's letters dated February 21, 2021, and docketed March 3, 2021 (*see* Dkt. #155-59), as well as Mr. Lopez's motion pursuant to 28 U.S.C. § 2255 (Dkt. #154). There is no constitutional right to counsel in a proceeding brought under § 2255. *See, e.g., Pennsylvania* v. *Finley*, 481 U.S. 551, 555 (1987). However, the Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person in a § 2255 proceeding when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in the Second Circuit consider the same factors as those applicable to requests for pro bono counsel made by civil litigants. *See, e.g., Bennett* v. *United States*, No. 03 Civ. 1852 (SAS), 2004 WL 2711064, at *7 (S.D.N.Y. Nov. 23, 2004). Those factors include the likelihood of success on the merits, the complexity of the legal issues, and the movant's ability to investigate and present the case. *See, e.g., Cooper* v. *A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

Here, the loss of the case file in Movant's underlying criminal case raises a complex issue that will significantly hinder Movant's ability to investigate and present the case. (*See* Dkt. #156). The appointment of counsel will: (i) greatly assist in the identification and production of the most relevant documents in the missing case file, and (ii) facilitate Movant's ability to investigate and present his case. Accordingly, the Court finds that the appointment of counsel in this situation is justified.

The CJA clerk shall identify a member of the CJA panel with an upcoming duty day who does not have any conflict in representing Mr. Lopez. That attorney will be appointed to represent Mr. Lopez for the purpose of assisting him, as appropriate, in obtaining relevant documentation from his case file and in the preparation of his § 2255 motion.

Additionally, movant has requested that the Court enclose a copy of his recent § 2255 motion. (*See* Dkt. #155). That document is enclosed.

The Clerk of Court is directed to file this Order in Case Nos. 21 Civ. 1858 and 16 Cr. 323-2. The Clerk of Court is directed to mail a copy of this Order to Movant at his address of record.

SO ORDERED.

Dated: March 3, 2021
New York, New York

                                                      KATHERINE POLK FAILLA
                                                      United States District Judge

UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF NEW YORK

Gibran Lopez
Movant/Defendant

vs.

UNITED STATES OF AMERICA,
Respondent

MAR 03 2021

KATHERINE POLK FAILLA
U.S. DISTRICT JUDGE
S.D.N.Y.

Criminal Case No.:
1-16-cr-323

### DEFENDANT'S PLACEHOLDER MOTION ON HIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255

COMES NOW the Defendant/Movant, Gibran Lopez in PRO SE, in necessity, and hereby MOVES this Honorable Court to ISSUE an ORDER granting that the clock on the expiration date be stopped on the time to file his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The Movant/Defendant avers that no action be taken at the current time on my pleading. If it pleases the Honorable Court the Movant/Defendant requests status updates be held every (90) days in Support of the following:

1) Currently in COVID isolation in cell since January 6th 2021. Movant/Defendant has tested negative five times but will not be released until entire Unit does not get a single positive result.

2) Currently does not have case/work file from trial counsel, Kenneth J. Montgomery. Honorable Katherine Polk Failla suggested I exhaust internal inquiries at FCI Allenwood about case/work file allegedly sent by counsel. Movant/Defendant has exhausted inquiry and informed counsel to provide a tracking number, or other relevant information, from 225 Cadman Plaza via mail.

(1)

3) For the past year, and more so the last two months, Movant/Defendant has had <u>extremely</u> limited access to the institutional law library, due to COVID, in order to research case law to reinforce arguments for grounds raised on 28 U.S.C. § 2255 motion.

4) The Movant/Defendant A.E.D.P.A. deadline has not yet been reached but will approach in days.

The Movant/Defendant also has submitted the 28 U.S.C. § 2255 motion as of February 22nd, 2021 with required arguments on the merits of his 28 U.S.C. § 2255 motion. In addition I will add a copy of the grounds of relief I requested for 28 U.S.C. § 2255 motion even though I mailed out entire 28 U.S.C. § 2255 motion seperately on February 22nd 2021 to the Clerks of Court office.

If possible and if it pleases your Honor and the Court I ask to send me back copies of this Placeholder motion request because I could not make copies due to being in COVID isolation in a timely manner due to the fact this motion needed to be sent A.S.A.P.

WHEREFORE Now, above premises considered, the Movant/Defendant respectfully requests to MOVE this Honorable Court to GRANT that no action be taken at the current time on my pleading and the clock for the expiration date be stopped on the time to file his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 motion or any other reasonable terms is suggested by your Honor and the Court.

Done This 21st, Day of February, 2021

Respectfully Submitted,

*[signature]*
Gibran Lopez "PRO SE"
71793-054
FCI Allenwood Medium P.O. Box 2000 White Deer PA 17887

(2)

## Certificate Of Service

I, the undersigned do hereby certify that I have served a copy of this motion upon the Clerk of this Court, via U.S. mail, properly addressed, First-Class postage prepaid, placing into the internal mailing system as made available to inmates for legal mail, at the FCI Allenwood Medium. The Movant/Defendant further requests that a copy of this (his) pleading be forwarded to all interested parties via the CM/ECF system, as he is detained, indigent, and has no other means.

Done This 21st Day of February, 2021

Respectfully Submitted,

_____
Gibran Lopez "PRO SE"
71793-054
FCI Allenwood Medium P.O. Box 2000 White Deer PA 17887

(3)



(28 U.S.C. 2255 MOTION
ATTACHMENT FOR PAGE 5)


Ground One: The petitioner was deprived of Constitutionally effective assistance of counsels, in violation of the Sixth Amendment and 18 U.S.C. 3006A, and thus, petitioner was subject to ineffective assistance of counsel.

a) Supporting facts:

① Court Appointed Counsel, Kenneth J. Montgomery, was ineffective during trial for failing to present Private Investigator, and/or a video footage expert to properly and fully investigate that video footage of Miles Klein building hallway was edited as well as footage not belonging to building management. Video footage of video clip "22" was never shown at trial by counsel yet petitioner requested it, showing 3 men enter Miles Klein apartment after petitioner leaves, and before NYPD arrive to find Miles Klein deceased. Private Investigator visited petitioner only one time at MCC Detention Center, the day before trial began, on 10/22/2017 on or about early afternoon. Private Investigator agreed with petitioner about looking more into 3 men shown entering Miles Klein apartment before NYPD arrived yet it never happened. Footage of Miles Klein apartment did not belong to building management. Video camera was hidden in a vent above a tenants apartment, I.J., instead of being in plain sight. Counsel failed to attack this on behalf of petitioners request. Petitioner has notes taken during trial telling counsel to raise issue but never did. These acts prejudiced petitioner a fair and impartial trial.

② Court Appointed Appellate Counsel, Arza Feldman, was ineffective and failed to appoint adequate representation including investigators at the Petitioners Direct Appeal in regards to video footage being edited and used at trial, for same reasons stated above in number ①. This prejudiced petitioner a fair and impartial trial.

③ Petitioners sentence is subject to collateral attack because Court Appointed Counsel, Kenneth J. Montgomery, was ineffective by failing to file a continuance/abeyance during trial and/or sentencing in regards to first case (15-cr-02)(16-cv-9095) pending 28 U.S.C. 2255 motion. On May 18th 2020 Petitioners 2255 motion on first case (15-cr-02)(16-cv-9095) was granted, resulting in vacating conviction and dismissing case altogether. During sentencing Petitioner

was placed in Criminal Category II due to predicate offense (15-cr-02) and in trial Rule 404(b) evidence related to first case (15-cr-02) was used against him. Due to 15-cr-02 case being vacated and dismissed Petitioner should be at Criminal Category I/0 and a first-time offender as well as Rule 404(b) evidence used at trial being null and void because of vacated conviction. Petitioner asserts that sentence is contrary to federal law and established precedent, and thus, subject to collateral attack.

(4) Trial counsel, Kenneth J. Montgomery, and Appellate counsel, Arza Feldman, were both ineffective by failing to raise at sentencing and/or Direct Appeal that count one (Conspiracy to commit a Hobbs Act Robbery 18 U.S.C. 1951) and count two (Commission of a Hobbs Act Robbery 18 U.S.C. 1951) should be merge together or ran concurrent for sentencing at 3D1.4.

(5) Trial counsel, Kenneth J. Montgomery, and Appellate counsel, Arza Feldman, were both ineffective by failing to raise at sentencing and on Direct Appeal that the 2A1.1 Cross-Reference enhancement was not supported in Petitioner's original indictment and was not premeditated murder. Both the Judge at sentencing and the Gov't during sentencing, and trial stated Petitioner did not commit premeditated murder. Instead Petitioner should have been subject to Involuntary Manslaughter under 2A1.5.



INMATE NAME/NUMBER: Gibran Lopez #77193-054 Medium
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD
P.O. BOX 2000
WHITE DEER, PA 17887

FEB 23 2021

MAR 03 2021

Honorable Judge Katherine Polk Failla
Southern District of New York
40 Foley Square
New York, NY, 10007

LEGAL MAIL